UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYRONE DAVENPORT                                    CIVIL ACTION

VERSUS                                              NUMBER: 15-2385

MARLIN G. GUSMAN, ET AL.                            SECTION: "N"(5)

## REPORT AND RECOMMENDATION

Presently before the Court in this prisoner 42 U.S.C. §1983 proceeding is the Rule 12(b)(6) motion to dismiss of Defendants, Sheriff Marlin N. Gusman, Major K. Winfield, and Deputy T. Williams of the Orleans Parish Prison ("OPP"). (Rec. doc. 7). Plaintiff has filed no memorandum in opposition to Defendants motion.[1]  For the reasons that follow, it is recommended that Defendants' motion be granted and that Plaintiff's suit be dismissed.

Plaintiff, an inmate of OPP, filed the above-captioned §1983 complaint against Sheriff Gusman and two correctional officers in his employ, alleging only as follows:

> Plaintiff suffered from chest pains, sinus + soar (sic) throat. Each Defendant failed to issue cleaning supplies. Plaintiff seeks compensation/declaratory injunctive relief.

(Rec. doc. 6, p. 4).

Attached to Plaintiff's complaint are five inmate grievance forms that were completed by him and prison officials' responses to four of those grievances which can be summarized as follows. (Rec. doc. 6, pp. 6-14). On May 22, 2015, Plaintiff initiated grievance No. 747502 complaining that the lack of a cover for the drain in the shower

---

[1] As Plaintiff has filed no memorandum in response to Defendants' motion, timely or otherwise, the Court may properly assume that he has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same).

caused water to back up onto his feet.  (*Id.*, p. 8).  Major Winnfield responded to that grievance on the same day, advising Plaintiff that the Maintenance Department had a drain cover on order.  (*Id.*, p. 14).  Plaintiff initiated a second grievance on May 22, 2015, No. 747503, complaining that mold was growing on the paint throughout the tier and in the shower area.  (*Id.*, p. 10).  Like Plaintiff's first grievance, this one was also addressed the very same day by Major Winnfield who responded that "[w]e issue cleaning supplies, the inmates have to use them for cleaning."  (*Id.*, p. 11).  Yet a third grievance was initiated by Plaintiff on May 22, 2015, No. 747504, stating that "[a]ll three toilets are broke[n] and leak[] water."  (*Id.*, p. 13).  Once again, Major Winnfield responded to this grievance on the same day that it was submitted, advising that a service call had been made to get the leak repaired.  (*Id.*, p. 9).

On June 2, 2015, Plaintiff initiated his fourth grievance, assigned No. 747707, complaining that "[a]ll three toilets leak water which causes a lot of gnats."  (Rec. doc. 6, p. 12).  A response to this grievance is not included in the materials that Plaintiff attached to his complaint.  Also on June 2, 2015, Plaintiff submitted his fifth OPP grievance, No. 747715, again complaining that the lack of a cover for the drain in the shower caused water to back up and make his foot break out.  (*Id.*, p. 6).  On June 18, 2015, a correctional official named C. Ruiz responded to the grievance by advising Plaintiff that "[a] maintenance task was submitted."  (*Id.*, p. 7).

The Defendants now move for the dismissal of Plaintiff's complaint under Rule 12(b)(6), arguing, *inter alia*, that no viable official capacity claim has been stated and that the allegations advanced by Plaintiff fail to establish deliberate indifference sufficient to hold them liable in their individual capacity.  As noted above, no memorandum in

opposition to Defendants' motion, which was noticed for submission on August 26, 2015, was submitted by Plaintiff, timely or otherwise.  Accordingly, the motion is deemed to be unopposed and may thus be granted on that basis as long as the motion has merit.  *Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).  The appropriate inquiry in making that determination in the context of a Rule 12(b)(6) motion is whether the facts pled by Plaintiff have sufficient facial plausibility.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009).

Plaintiff provides no clear indication in his complaint of the capacity(ies) in which the Defendants were sued.  (Rec. docs. 6, pp. 1-14; 6-1, p. 1).  However, in the Civil Cover Sheet accompanying his complaint, Plaintiff indicated that the Defendants were sued in their "official and individual capacity."  (Rec. doc. 6, p. 15).  In a suit brought against a municipal official in his (or her) official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury."  *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)).  "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'"  *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)).  Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights."  *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the named Defendants in their official capacity fail to state a claim upon which relief can be granted as

he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as presenting an Eighth Amendment conditions-of-confinement claim against the named Defendants in their individual capacity, he fares no better for the following reasons.

The Constitution does not require that inmates be housed in comfortable prisons, only that they be afforded humane conditions of confinement and reasonably adequate food, shelter, clothing, and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001)(citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)). In order to establish a constitutional violation as a result of inadequate conditions of confinement, an inmate must demonstrate, first, that he was deprived of the minimal civilized measure of life's necessities or some basic human need and, second, that prison officials acted out of deliberate indifference to the inmate's health or safety. *Id. See also Taylor v. Woods*, 211 Fed.Appx. 240, 241 (5th Cir. 2006); *Pittman v. Allison*, No. 08-CV-0328, 2010 WL 2736961 at *3 (S.D. Miss. July 9, 2010). "Deliberate indifference is established by showing that the defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.'" *Herman*, 238 F.3d at 664 (quoting *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)). "'Deliberate indifference' is a stringent standard of fault, one which requires proof that a municipal actor disregarded a known or obvious consequence of his action." *Ford v. Gusman*, No. 11-CV-2950, 2012 WL 2567063 at *8 (E.D. La. May 11, 2012), *adopted*, 2012 WL 2567034 (E.D. La. July 2, 2012)(citing *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 410, 117 S.Ct.

1382, 1391 (1997)).  It has been equated with a "subjective recklessness" as that term is used in criminal law.  *Norton v. Dimazana*, 122 F.3d 286 291 (5th Cir. 1997).

The allegations made by Plaintiff fall far short of establishing the objective and subjective components of deliberate indifference that are needed to prevail on an Eighth Amendment claim.  From an objective standpoint, "[a]dmittedly, there is a point beyond which a prison's conditions are so unsatisfactory as to render them unconstitutional." *Hawkins v. Gusman*, No. 10-CV-1178, 2011 WL 1527218 at *3 (E.D. La. Apr. 1, 2011), *adopted*, 2011 WL 1527021 (E.D. La. Apr. 20, 2011)(citing *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004)(confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional)).  The conditions alleged by Plaintiff, while less than optimal, do not rise to that level.  *Wilson v. Lynaugh*, 878 F.2d 846, 849 n. 5 (5th Cir. 1989).  *See also Marshall v. Allison*, No. 08-CV-1387, 2011 WL 601178 at *4 (S.D. Miss. Feb. 11, 2011)(quoting *Herman*, 238 F.3d at 664)(drinking water that appeared to be unclean, lack of cleaning supplies on weekends, mold on walls and in showers, dusty air vents, and inadequate personal hygiene items do not result in denial of "minimal civilized measure of life's necessities"); *Maddox v. Gusman*, No. 14-CV-2435, 2015 WL 1274081 at *3-4 (E.D. La. March 19, 2015)(presence of mildew and pests such as gnats not a constitutional violation).

Turning to the subjective component of deliberate indifference, Plaintiff charges all three of the named Defendants with failing to issue cleaning supplies.  Although Defendant Winfield was arguably made aware of the need for such supplies through the first three of Plaintiff's grievances that he responded to, his prompt and responsive replies to the grievances, all made on the very day of the grievances themselves, belie any claim of

5

deliberate indifference on his part and fall woefully short of establishing "subjective recklessness."   As for the other two Defendants, Sheriff Gusman and Deputy Williams, Plaintiff does not specifically allege that they were even aware of the conditions of which he complains, much less that they actually drew the inference that an excessive risk to Plaintiff's health or safety existed.   In fact, other than naming the Sheriff and Deputy Williams as Defendants to this lawsuit, Plaintiff's complaint is devoid of any allegations of specific involvement on their part.   Personal involvement, however, is an essential element of a civil rights cause of action, *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), and supervisory officials like the Sheriff cannot be held liable for federal civil rights violations allegedly committed by his associates based merely on a theory of strict liability or vicarious liability.   *Carter*, 2009 WL 3231826 at *1.   Moreover, as Plaintiff does not allege that he required medical attention for the physical conditions of which he complains or that those conditions persisted for any significant period of time, he appears to have suffered only *de minimis* injuries that are insufficient to justify an award of compensatory damages under 42 U.S.C. §1997e(e).   *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 631 (5th Cir. 2003)(vomiting and nausea caused by raw sewerage on floor of cell were *de minimis*); *Abney v. Valdez*, No. 05-CV-1645, 2005 WL 3147863 at *2 (N.D. Tex. Oct. 27, 2005)(daily migraines, frequent urination, and itchy, watery eyes were *de minimis*).   For all these reasons, it will be recommended that Defendants' Rule 12(b)(6) motion be granted and that Plaintiff's suit be dismissed.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendants' Rule 12(b)(6) motion be granted and that Plaintiff's suit be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this 26th day of August, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE